IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Petitioner**

**FILED**
**September 26, 2023**
EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 23-ICA-205**       (JCN: 2020010683)

**RICHARD YOST, JR.,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Murray American Energy ("Murray") appeals the April 21, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Richard Yost, Jr. filed a response.[1] Petitioner did not file a reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order and reopening the claim for temporary total disability ("TTD") benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's Order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 21, 2019, Mr. Yost sustained injuries when the "man trip" he was operating in a coal mine was struck by a tractor bolt machine. By order dated November 4, 2019, the claim administrator held the claim compensable for cervical strain, lumbar strain, and a concussion with loss of consciousness of unspecified duration. Mr. Yost began treating with Benjamin Moorehead, M.D., following the compensable injury.

On February 4, 2021, Dr. Moorehead examined Mr. Yost and noted that he was making slow progress in his recovery. Dr. Moorehead assessed post-concussion syndrome[2]

---

[1] Murray is represented by Aimee M. Stern, Esq. Mr. Yost is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq.

[2] The terms post-concussion headaches and posttraumatic headaches are used interchangeably throughout the appendix record. We will refer to the diagnosis as posttraumatic headaches. Additionally, the terms post-concussive, post-concussion, and post-concussional syndrome are all used interchangeably throughout the appendix record. We will refer to the diagnosis as post-concussion syndrome.

and opined that Mr. Yost was likely at or nearing maximum medical improvement ("MMI").

Mr. Yost underwent an independent medical evaluation ("IME") performed by Gerald S. Steiman, M.D., who issued a report dated February 5, 2021. Dr. Steiman opined that, while the medical evidence supported a diagnosis of a concussion, "the diagnosis of a post-concussion syndrome lacks credible scientific validity." Considering only the concussion, Dr. Steiman assessed 0% whole person impairment ("WPI") resulting from the compensable injury.

On February 10, 2021, the claim administrator suspended Mr. Yost's TTD benefits based on Dr. Steiman's report. Dr. Moorehead authored correspondence on February 26, 2021, indicating that it was not safe for Mr. Yost to return to work in an underground mine given his continued dizziness and balance difficulties, and that a permanent disability decision should not be made until he had completed therapy. The claim administrator subsequently closed the claim for TTD benefits on March 22, 2021. Mr. Yost protested the order.

Mr. Yost returned to see Dr. Moorehead on April 8, 2021. Dr. Moorehead opined that Mr. Yost had ongoing impairment related to his work injury and believed that Mr. Yost could benefit from psychotherapy. On April 26, 2021, Mr. Yost testified via deposition regarding his injury and ongoing symptoms, which included headaches, dizziness, balance difficulties, and memory issues.

Dr. Moorehead completed a Diagnosis Update Form on July 6, 2021, requesting that post-concussion syndrome, traumatic brain injury with loss of consciousness of thirty minutes or less, and posttraumatic headaches be added as compensable conditions in the claim. Mr. Yost returned to Dr. Moorehead on July 19, 2021, and Dr. Moorehead opined that Mr. Yost was at or reaching MMI. According to Dr. Moorehead, Mr. Yost would remain totally disabled until the end of 2021. The claim administrator denied Dr. Moorehead's request to add post-concussion syndrome and posttraumatic headaches to the claim by order dated August 3, 2021.

By order dated January 28, 2022, the Office of Judges ("OOJ") reversed the claim administrator's August 3, 2021, order and held the claim compensable for post-concussion syndrome and posttraumatic headaches.[3] The claim administrator issued an order on February 9, 2022, acknowledging the addition of these diagnoses to the claim.

---

[3] Murray protested the order to the Board, and the Board affirmed the OOJ's order. Murray then appealed the order to this Court. On appeal, we upheld the Board's order, which affirmed the OOJ's order adding post-concussion syndrome and posttraumatic headaches as compensable conditions in the claim. *See Murray American Energy, Inc. v. Yost*, No. 22-ICA-120, 2023 WL 152219 (W. Va. Jan. 10, 2023) (memorandum decision).

On July 21, 2022, Dr. Moorehead authored correspondence indicating that Mr. Yost remained under his care for continued symptoms related to the compensable injury. Dr. Moorehead opined that Mr. Yost "remains totally disabled from a work capacity." Subsequently, on November 3, 2022, Mr. Yost submitted a petition to reopen the claim for TTD benefits. Mr. Yost argued that his claim for TTD benefits should be reopened on the basis that the diagnoses of post-concussion syndrome and posttraumatic headaches had been added to the claim and were facts not previously considered at the time his claim for TTD benefits was previously closed. Dr. Moorehead completed the physician's section of the reopening application and listed the diagnoses as post-concussion syndrome, fatigue, traumatic brain injury, iron deficiency anemia, and restless leg syndrome.

Mr. Yost underwent an IME performed by Prasadarao Mukkamala, M.D., on December 12, 2022. Dr. Mukkamala opined that Mr. Yost had reached MMI for his compensable injury and assessed 10% WPI for the conditions of posttraumatic headache, post-concussion syndrome, and concussion with loss of consciousness. Dr. Mukkamala specifically noted that these diagnoses were all part of a brain injury and were not entitled to separate, distinct impairment ratings. On December 28, 2022, the claim administrator denied Mr. Yost's petition to reopen the claim for TTD benefits.

Mr. Yost testified regarding his continued symptoms and related treatment in a second deposition held on February 9, 2023. Mr. Yost stated that he suffered symptoms of headaches, light sensitivity, dizziness, ringing in his ears, irritability, forgetfulness, and sleeping difficulties since the injury and that, at some point, Dr. Moorehead had opined that there was no new treatment that could be done. Mr. Yost also testified that Dr. Moorehead had been treating him for post-concussion syndrome since before it had been added to the claim.

On February 17, 2023, Mr. Yost returned to Dr. Moorefield and reported the same persistent symptoms. Dr. Moorehead assessed traumatic brain injury and post-concussion syndrome, and opined that Mr. Yost remained unable to work his full duties. Dr. Moorehead opined that Mr. Yost's impairment was a permanent impairment.

By order dated April 21, 2023, the Board reversed the claim administrator's order and granted Mr. Yost TTD benefits from February 11, 2021, through December 11, 2022, not to exceed 104 weeks. The Board noted that Dr. Steiman's report, which assessed 0% WPI and formed the basis of the claim administrator's decision to suspend Mr. Yost's TTD benefits in 2021, was issued a year prior to the addition of post-concussion syndrome and posttraumatic headaches to the claim. The Board further noted that Dr. Mukkamala's report was issued in December of 2022, which was after these diagnoses were added to the claim, and that he had found 10% WPI related to Mr. Yost's "cerebral dysfunction." The Board found that "[t]he difference in the two independent medical evaluations indicates that the additional components were not just in name only."

The Board further found that, while Dr. Moorehead had previously indicated that Mr. Yost was at or nearing MMI in February and July of 2021, the diagnoses of post-concussion syndrome and posttraumatic headaches had not yet been added to the claim. The Board noted that Dr. Moorehead had treated Mr. Yost for conditions related to his cerebral dysfunction throughout the period of time for which the additional TTD benefits had been requested, and Dr. Moorehead had not released Mr. Yost to return to work. Given the evidence before it, the Board concluded that the addition of post-concussion syndrome and posttraumatic headaches to the claim constituted facts not previously considered when the claim administrator had closed the claim for TTD benefits and that Mr. Yost had met his burden of showing his entitlement to the claim being reopened. Murray now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Murray argues that the Board erred in reversing the claim administrator's order and granting Mr. Yost the requested TTD benefits. According to Murray, though post-concussion syndrome and posttraumatic headaches were added to the claim after it was closed for TTD benefits, their addition does not constitute facts not previously considered sufficient to warrant the reopening of the claim for TTD benefits. Murray argues that, prior to the claim being closed for TTD benefits, Dr. Moorehead had already diagnosed and was treating Mr. Yost for post-concussion syndrome, and Dr. Moorehead noted that Mr. Yost was nearing or at MMI. Further, shortly after the diagnosis update requesting the addition of post-concussion syndrome and posttraumatic headaches to the claim, Dr. Moorehead reiterated that Mr. Yost was at or nearing MMI. In light of the

foregoing, Murray concludes that the Board clearly erred in reversing the claim administrator's order.

Upon review, we find that Murray failed to demonstrate that the Board's findings and conclusions were clearly wrong. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this high standard of review in mind, we cannot conclude that the Board erred in granting Mr. Yost additional TTD benefits.

In order to reopen a claim for TTD benefits, a claimant must show an aggravation or progression of a compensable condition or facts not previously considered. *See* West Virginia Code § 23-5-2 (2005) and § 23-5-3a (2022). We agree with the Board's findings that the addition of post-concussion syndrome and posttraumatic headaches to the claim constituted facts not previously considered by the claim administrator when it closed the claim for TTD benefits. Here, the claim administrator initially closed Mr. Yost's claim for TTD benefits on the basis of Dr. Steiman's report, in which he opined that Mr. Yost had reached MMI. However, Dr. Steiman clearly noted that he was considering only the diagnosis of a concussion in making his recommendation.

Subsequently, the OOJ added post-concussion syndrome and posttraumatic headaches to the claim.[4] The evidence indicates that Mr. Yost continued to be temporarily and totally disabled due to the diagnoses of post-concussion syndrome and posttraumatic headaches after the claim for TTD benefits was closed. Dr. Moorehead continued to treat Mr. Yost for his persistent symptoms related to these diagnoses and did not return him to work due to those continued symptoms. While Dr. Moorehead indicated that Mr. Yost was nearing or at MMI prior to the addition of post-concussion syndrome and posttraumatic headaches to the claim, Murray has failed to demonstrate that Dr. Moorehead was taking these diagnoses into account when making such medical findings. Indeed, Dr. Moorehead

---

[4] While Murray argues that the OOJ implicitly determined that the addition of post-concussion syndrome and posttraumatic headaches to the claim did not affect Mr. Yost's entitlement to TTD because it affirmed closing the claim for TTD benefits at the same time it added these diagnoses to the claim, we note that the standard for reopening a claim simply requires "a prima facie cause, which means nothing more than any evidence which would tend to justify, but not to compel the inference that there has been a progression or aggravation of the former injury" or that there are facts not previously considered. Syl. Pts. 1-2, *Wilson v. Worker's Comp. Comm'r*, 174 W. Va. 611, 328 S.E.2d 485 (1984). Here, Mr. Yost presented additional evidence with his reopening application, as set forth more fully above, which satisfies a prima facia showing that there are facts not previously considered in the closing of his TTD benefits claim.

authored correspondence dated July 21, 2022, in which he indicated that Mr. Yost required ongoing treatment and could not return to his previous work. It was not until Dr. Mukkamala's IME in December of 2022 that any physician clearly and definitively stated that Mr. Yost had reached MMI for the diagnoses of post-concussion syndrome and posttraumatic headaches or released Mr. Yost to return to work.[5] Given this evidence, we cannot conclude that the Board's decision was clearly wrong or warrants reversal under the circumstances of this case. Accordingly, we affirm the Board's April 21, 2023, order.

Affirmed.

**ISSUED:** September 26, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

---

[5] Murray also argues that the fact that Dr. Mukkamala did not provide separate impairment ratings for the concussion, post-concussion syndrome, and posttraumatic headaches indicates that they are not facts not previously considered which warrant reopening the claim. However, we find that Dr. Mukkamala's impairment rating has no bearing on whether the addition of post-concussion syndrome and posttraumatic headaches were facts not previously considered in the context of reopening the claim for TTD benefits.

6